# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHELLERY MOORE,

    Petitioner,

vs.

WARDEN, et al.,

    Respondents.

Case No. 2:17-cv-00362-APG-VCF

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed her petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss ground 1 of the petition because it lacks merit on its face. Respondents will need to respond to the remaining grounds.

    In ground 1, petitioner alleges that the state district court violated her constitutional rights when it denied appointment of counsel in her post-conviction habeas corpus proceedings. Petitioner has no constitutional right to appointment of counsel in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). The court dismisses ground 1.

    Petitioner has filed an ex parte motion for appointment of counsel (ECF No. 2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in

federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 shall apply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document

was mailed to the respondents or counsel for the respondents. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that petitioner's <u>ex parte</u> motion for appointment of counsel (ECF No. 2) is **DENIED**.

DATED: August 21, 2017.

_____
ANDREW P. GORDON
United States District Judge