# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHELLERY MOORE,

          Petitioner,

    v.

WARDEN, et al.,

          Respondents.

Case No. 2:17-cv-00362-APG-VCF

**ORDER**

       Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7), respondents' motion to dismiss (ECF No. 9), petitioner's opposition (ECF No. 13), and respondents' reply (ECF No. 15). The petition is untimely so I dismiss for that reason.

       Congress has limited the time in which a person can petition for a writ of habeas corpus under 28 U.S.C. § 2254:

>      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final 30 days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward

this one-year limitation period. 28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace*, 544 U.S. at 418).

The state district court entered a judgment of conviction against petitioner on January 10, 2014. ECF No. 10-10.  Petitioner did not appeal, and the judgment of conviction became final at the end of February 10, 2014.[1]  On February 27, 2015, petitioner filed in the state district court a motion for an extension of time to file a state post-conviction habeas corpus petition.  Petitioner noted that she was extradited to California on July 5, 2014 to face charges in that state, and that she returned to Nevada on January 5, 2015. ECF No. 10-11.  The state district court granted the motion and gave petitioner through May 26, 2015 to file a post-conviction habeas corpus petition. ECF No. 10-12.  It appears from the state post-conviction petition that petitioner tried to deliver it to the prison's law library on May 26, 2015, for mailing to the state district court, but the law library was closed that day.  The state district court received her petition on June 3, 2015. ECF No. 10-13.  On September 17, 2015, the state district court denied the petition as untimely under Nev. Rev. Stat. § 34.726(1). ECF No. 10-24.  Petitioner appealed.  On December 29, 2015, the Nevada Court of Appeals affirmed. ECF No. 10-29.  The petition was untimely, even with the extension granted, because Nevada does not observe a prison mailbox rule for post-conviction petitions.  A petition is not filed for the purpose of § 34.726(1) until the state district court files

---

[1] Respondents argue that the time to appeal expired on February 9, 2014.  That date was a Sunday.  The time to appeal expired on the next judicial day, Monday, February 10, 2014. Nev. R. App. P. 26(a)(3).  The effect on the calculation of timeliness is negligible.

the petition.[2] *Gonzales v. State*, 53 P.3d 901, 903-04 (Nev. 2002).  Remittitur issued on January 25, 2016. ECF No. 10-30.

Petitioner then turned to this court.  Her petition is dated January 11, 2017.  The court received the petition on February 3, 2017.  Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts is a prison mailbox rule.  Petitioner did not state in the space provided when she delivered the petition to prison officials for mailing, but the effect upon the calculation of timeliness is negligible.

The petition is untimely no matter how the court calculates the time.  With a straight application of 28 U.S.C. § 2244(d), the one-year period started running on February 11, 2014, after the judgment of conviction became final.  Because Nevada does not have a prison mailbox rule, tolling under § 2244(d)(2) could not start, if at all, until the state petition was filed in the state district court. *Orpiada v. McDaniel*, 750 F.3d 1086, 1089-90 (9th Cir. 2014).  In petitioner's case, the state post-conviction petition was untimely, not "properly filed" within the meaning of § 2244(d)(2), and could not toll the one-year period. *Pace*, 544 U.S. at 417.  If petitioner mailed her petition when she dated her petition, January 11, 2017, then 1,066 days passed between finality of the judgment of conviction and commencement of the action.  The petition is untimely.

In her opposition, petitioner states that she has arguments for equitable tolling because of transfers between Nevada and California, the extension of time to file the state petition, and the mailbox rule.  The mailbox rule cannot help petitioner because Nevada does not have a mailbox rule for post-conviction petitions.  Nevertheless, the petition still would be untimely even if I tolled the period of limitations for the time that petitioner was in California, the extra time that petitioner had to file her state petition,[3] and the time that the state petition was pending.  Between

---

[2] Even if the prison law library was open on May 26, 2015, the state petition still would have been untimely.  The state district court would not have received the state petition in the mail until May 27, 2015, at the earliest, one day after the extended period to file the petition had expired.

[3] No reason exists to toll the time between petitioner's return to Nevada and the filing of her state petition.  During that time, she had no petition pending in state court, and nothing was preventing her from filing a petition.  The court does not count this time simply to show that even under a calculation that is unrealistically favorable to petitioner, the federal petition still is untimely.

the start of the one-year period (on February 11, 2014) and petitioner's extradition to California on (July 5, 2014), 145 days passed. I would not count the time between petitioner's extradition to California on July 5, 2014 and the issuance of the remittitur at the end of the state post-conviction proceedings on January 25, 2016. Between the resumption of the one-year period (on January 26, 2016) and the assumed mailing of the federal petition (on January 11, 2017), 352 days passed.[4] A total of 497 non-tolled days thus passed, and that exceeds the one-year period of § 2244(d)(1). The petition still would be untimely.

Reasonable jurists would not find my procedural ruling to be debatable or wrong, and I will not issue a certificate of appealability.

Respondents also argue that some grounds are not exhausted, that one ground is procedurally defaulted, and that petitioner has not named the correct respondent. I will not address these arguments because I am dismissing the action as untimely.

Petitioner has filed a motion for appointment of counsel. ECF No. 11. Given that even the most favorable calculations for petitioner still would mean that the petition is untimely, counsel would be of no assistance to petitioner.

IT THEREFORE IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 11) is **DENIED**.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 9) is **GRANTED** in part. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED August 27, 2018.

_____
ANDREW P. GORDON
United States District Judge

---

[4] Petitioner did not state when she delivered her federal petition for mailing to the court. I could use the date of receipt, February 3, 2017, as the date of effective filing. In that case, the time between the issuance of the state-court remittitur on January 25, 2016 and the receipt of the petition on February 3, 2017, itself would be sufficient for me to rule that the federal petition is untimely.

4